804 F.2d 677
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
BOB MULLINS FORD, INC., Appellant,
v.
Cynthia D. KINSER, Trustee, Appellee.
 No. 86-2018.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 9, 1986.
Decided Nov. 3, 1986.
 
 Gregory J. Harris (Gilbert K. Davis; Davis & Harris, on brief), for appellant.
 Cynthia D. Kinser, on brief, for appellee.
 W.D.Va.
 AFFIRMED.
 Before WINTER, Chief Judge, ERVIN, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Bob Mullins Ford, Inc., appeals the judgment of the district court denying its attempt to offset against rent owed, while it was in possession of property leased from the debtor, damages and loss of profits accrued in its move to another property several months after the trustee in bankruptcy's rejection of the lease.
 
 
 2
 The debtor and Bob Mullins Ford entered a five-year lease and executory contract in February 1981 for the rental of a car dealership. The debtor filed a petition under Chapter 11 of the Bankruptcy Code in October 1981. In May of 1982 the bankruptcy judge directed the trustee to sell the property, conditioned upon the trustee petitioning for a rejection of the lease and executory contract between Bob Mullins Ford and the debtor. Rejection was approved in June 1982, and in October 1982 the property was sold at auction. The following day, without being ordered to do so, Bob Mullins Ford vacated the premises.
 
 
 3
 Subsequently, the trustee sued to recover rent owed by Bob Mullins Ford for the four months it remained in possession after the rejection but prior to the sale. Bob Mullins Ford argues that under 11 U.S.C. Sec. 365(h) it was entitled to offset against the rent its damages resulting from its move to another location and loss of profits, because it remained in possession as contemplated by the statute.
 
 
 4
 The bankruptcy court found that Bob Mullins Ford was not entitled to offset those damages because by vacating it had elected to terminate the lease. The court allowed Bob Mullins Ford to offset one month's rent on the ground that the trustee had breached the covenant of quiet enjoyment during the last month by disrupting the occupancy with advertising signs. The district court affirmed.
 
 
 5
 By its terms, 11 U.S.C. Sec. 365(h) expressly gives a lessee, upon rejection by the trustee, the right to remain in possession for the balance of the term of the lease. Instead of exercising this option, Bob Mullins Ford moved out after four months, well before the term of the lease expired, and thereby treated the lease as terminated.
 
 
 6
 The district court properly held that because Bob Mullins Ford treated the lease as terminated the damages and loss of profits it claims cannot be offset against the rent it owes. With respect to these claims it is an unsecured creditor. We affirm the judgment on the reasoning of the district court.
 
 
 7
 AFFIRMED.